MEDINA, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de venta de finca rústica.

No. 283.—Resuelto en julio 5, 1916.

SOCIEDADES CIVILES—BIENES SOCIALES—COMPRAVENTA—FIRMA SOCIAL—ACUERDO DE LOS DIRECTORES—FACULTADES DEL PRESIDENTE.—Cuando en un contrato de sociedad se acuerda que una junta de directores tendrá el manejo de los

bienes sociales, aunque se autoriza al presidente para usar la firma de la sociedad, no tiene facultades para vender los bienes de ella sin acuerdo de los directores, porque no se le otorgó esa facultad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El registrador recurrido Sr. Rafael Tirado Verrier compareció en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública de 10 de julio de 1911 varias personas constituyeron la sociedad civil denominada "Cidra Land Company" para dedicarse a la instalación y desarrollo de toda clase de industrias así como a cualquiera otra clase de especulación con tales industrias relacionada, y para operar asimismo en todos los ramos de industria y ganadería, y acordaron que podrían celebrar contratos de compras, ventas, arrendamientos, refacciones y demás indispensables o convenientes para su desarrollo y desenvolvimiento; relacionaron el capital que aportaría cada socio en los plazos y forma que tuviera a bien determinar la junta de directores de la sociedad; acordaron repartir entre ellos las ganancias y pérdidas; que la sociedad tendría tiempo ilimitado y estaría gobernada por seis directores o gerentes elegidos de su seno por mayoría de votos, y que dichos directores desempeñarían las funciones correspondientes a sus respectivos cargos; designaron las personas que como presidente, vice-presidente, tesorero, secretario y vocales, constituirían el comité o junta de directores durante el primer año, o sea, desde julio de 1911 hasta julio de 1912, y con respecto al presidente y vice-presidente se dice en la cláusula duodécima lo siguiente: "El presidente, y en sus ausencias y enfermedades el vice-presidente, llevarán la firma de la sociedad, y están, por tanto, autorizados para cumplir los acuerdos de la sociedad, suscribir cuantos documentos públicos y privados sean indispensables tanto de compras, ventas, arrendamientos, refacciones, y cualesquiera otros actos de riguroso do-

minio, como los demás encaminados a los fines para los cuales la sociedad se constituye.''

En 15 de julio de 1911, el presidente de dicha sociedad ''Cidra Land Company'' vendió en nombre de ella a Moderado Medina un predio de terreno por precio recibido y, presentado este título en el Registro de la Propiedad de Guayama, el registrador se negó a inscribirlo fundándose en que no se acreditaba el acuerdo y autorización de la junta de directores de la sociedad para la venta de la finca, contra cuya negativa interpuso el comprador el presente recurso gubernativo con súplica de que la revoquemos y ordenemos la inscripción del documento.

La única cuestión, pues, a resolver es si el presidente de la ''Cidra Land Company'' estaba autorizado para vender en nombre de dicha sociedad por sí solo, sin mediar acuerdo de la junta de directores.

Aun cuando el recurrente sostiene que su contrato es inscribible porque estando autorizado el presidente para usar la firma de la sociedad sus facultades no están limitadas por los acuerdos que tomara la junta de directores, sin embargo, entendemos que tal como está redactada la cláusula duodécima que hemos transcrito la facultad del presidente para usar la firma social está subordinada a los acuerdos de la sociedad, y se considera que es una consecuencia de ellos pues al expresarse que tendrá la firma de la sociedad se dice a continuación: ''Y, por tanto, para cumplir los acuerdos de la sociedad, suscribir cuantos documentos públicos y privados sean indispensables, tanto de compras, ventas   *   *   *,'' lo que expresa que el uso de la firma es como consecuencia de los acuerdos que se tomen por la sociedad. El presidente no es el gerente de la sociedad sino uno de los miembros que constituyen la junta directiva encargada de la agencia y gobierno de la sociedad, y si bien se faculta al presidente para usar la firma de la sociedad, no se le han dado facultades para vender los bienes de ella. La junta de directores es la que tiene el manejo de los bienes sociales y su presidente

sólo tiene la de representar a la sociedad en los contratos .que acuerde la junta de directores.

En consecuencia, procedió correctamente el registrador .al negarse a inscribir esa venta en las condiciones en que se verificó, y su negativa debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-.ciados Wolf, del Toro y Hutchison.